**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

ALESIA DENISE JACKSON,        :    Case No. 3:25-cv-00005

      Plaintiff,           :    Judge Thomas M. Rose

                        :    Magistrate Judge Caroline H. Gentry

vs.                        :

NATIONAL CHURCH RESIDENCES  :
OF HOOVER PLACE, *et al.*,       :

      Defendants.         :

---

**ORDER AND**
**REPORT AND RECOMMENDATION**

---

This case is before the undersigned Magistrate Judge to screen Alesia Jackson's

Amended Complaint (Doc. No. 8), which is now the operative pleading in the case. *See*

*In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (citing

*Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009)) ("An

amended complaint supersedes an earlier complaint for all purposes.").

Plaintiff Jackson is proceeding in this case without the assistance of counsel. She

is also proceeding *in forma pauperis* by separate order of the Court. (Doc. No. 2.)

Plaintiff timely filed the Amended Complaint (Doc. No. 8) as ordered, after the Court

found her original Complaint to be unclear. (*See* Doc. No. 7.)

Because Plaintiff is proceeding *in forma pauperis*, the Court must screen her

Amended Complaint and dismiss any part of it that is frivolous or malicious; that fails to

state a claim on which relief may be granted; or that seeks monetary relief against a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes the *pro se* Amended Complaint, but will not construct claims for Plaintiff or speculate about facts she has not alleged. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Tulis v. Orange*, 686 F. Supp. 3d 701, 706 (M.D. Tenn. 2023).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe a complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

It appears that Plaintiff is raising the same claims in her Amended Complaint that she presented in a "Housing Discrimination Complaint" made to the U.S. Department of Housing and Urban Development in 2024, which was then referred to the City of Dayton Human Relations Council for investigation. (*See* Doc. No. 8 at PageID 83-87.) These claims are summarized in a "Housing Discrimination Complaint"—which is itself included within the Amended Complaint—as follows:

Complainant rents the subject property located at 5407 Hoover Ave, Unit 237, Dayton, OH 45417. The residence is owned by Respondent Hoover Place Senior Housing LP, with its General Partner, Respondent National Church Residences of Hoover Place, LLC, and managed by Respondent Shari Hoosier from Respondent National Church Residences.

In December 2022, Complainant began assisting another tenant, Ms. Jessie Smith, with her disabilities and daily activities. Complainant also began following up with Respondent Shari Hoosier on a reasonable accommodation request that Ms. Smith had made because of her respiratory disability. Complainant states that when she started assisting Ms. Smith in December 2022, Respondent Shari Hoosier initiated intimidation and retaliation against her. On February 13, 2023, Respondent Hoosier neglected Complainant's Section 8 paperwork, hindering lease renewal, and claiming missing paperwork. On or around February 22, 2023, Respondent Hoosier refused to provide a copy of Complainant's lease and ceased phone communications with her. On or around June 13, 2023, Complainant inquired with Respondent Hoosier on behalf of Ms. Smith, seeking permission for Ms. Smith to transfer to a unit closer to Complainant's apartment to enhance the care provided to Ms. Smith. Respondent Hoosier ignored Complainant's inquiry on behalf of Ms. Smith. On or around September 2023, Respondent Hoosier, learning of Complainant's HUD complaint, escalated the retaliation and harassment against Complainant, including locking restrooms, denying community space, causing conflicts of interest between Complainant and staff, lease agreement delays, and mishandling of Section 8 inspections.

**Complainant alleges that Respondents discriminated against her, subjecting her to different terms and conditions, and harassment based on her association with a person with disabilities. Complainant further asserts that Respondents retaliated against her because she assisted a person protected by the Act in exercising her housing rights and for filing a complaint with HUD, both activities covered by the Act.**

(Doc. No. 8 at PageID 86-87 [emphasis in original].) The Housing Discrimination Complaint alleged that these acts "may constitute a violation of [Section] 804(b) or (f), and [Section] 818 of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988." (Doc. No. 8 at PageID 87.)

3

Before this Court, Plaintiff sues five defendants:  National Church Residences of Hoover Place and Hoover Place Senior Housing, LP, the apparent owners of the property; Shari Hoosier and Krezeal Cox, described as "property managers" or "on site managers" of National Church Residences; and Samba Silla, an investigator for the City of Dayton Human Relations Council. (Doc. No. 8 at PageID 80-81.) The undersigned is aware from a previous filing that Defendant Silla's Final Investigative Report did not support Plaintiff's position on at least one issue. (*See* Doc. No. 5 at PageID 49-62 [concluding that "Complainant's claims of retaliation have not been substantiated. [City of Dayton] R.C.G.O. § 32.05[1] has likely not been violated. Therefore, it is recommended that the Board make a finding of *No Probable Cause* in this matter."]).

At this point in the case, without the benefit of answers or other briefing, the undersigned Magistrate Judge concludes that Plaintiff's discrimination and retaliation claims outlined in the Amended Complaint may **PROCEED** forward against four of the five named Defendants.[2] The claims against Defendant Silla should, however, be dismissed for failure to state a claim.

The Amended Complaint contains three paragraphs that mention Defendant Silla:

49. Samba Silla Dayton's representative for Human Relations Council misrepresented FHEO/HUD by denying the truth presented before him with undeniable proofs. I was never allowed to mention Jessie Smith nor the case against Yolanda Veasley in his presence which left me with no case in his purview.

---

[1] The report also noted that "[t]he prohibitions in R.C.G.O. § 32.05 are substantially equivalent to the protections embodied in the Federal Fair Housing Act/Civil Rights Act." (Doc. No. 5 at PageID 53.)

[2] Plaintiff may raise these claims under 42 U.S.C. § 3604 and/or 42 U.S.C. § 3617.

> 50. Mr. Silla & I had four non-productive, in-person visits & over twenty-five email communications from 1-24-2024 through the end of his investigation on 10-7-2024.

> 51. A fraudulent form was sent to my email after the close of this investigation. Mr. Silla is also complicit in the cover up of crimes associated with [National Church Residences].

(Doc. No. 8 at PageID 96.) Plaintiff appears to allege that Defendant Silla did not see the evidence as she did or consider what she thought was important, and came to the wrong conclusion in his investigation for the Dayton Human Relations Council, making him "complicit" in the other Defendants' wrongdoing.

However, Plaintiff does not allege that *Defendant Silla* discriminated or retaliated against her in violation of the Fair Housing Act and/or the Civil Rights Act. (Doc. No. 8.) The undersigned is unable to discern a violation of law in these allegations or Plaintiff's other allegations that their interactions were non-productive and that a fraudulent form was emailed to her. (*Id.*) In short, Plaintiff has not pled sufficient "factual content that allows the court to draw the reasonable inference that [Defendant Silla] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. He should be dismissed from the case.

Accordingly, the undersigned **ORDERS** that Plaintiff may **PROCEED** with her discrimination and retaliation claims against the following defendants at this time:

1. National Church Residences of Hoover Place

2. Hoover Place Senior Housing LP

3. Shari Hoosier

4. Krezeal Cox

Service of process on these Defendants will be addressed in a separate order.

The undersigned **RECOMMENDS** that the Court **DISMISS** all claims against Defendant Silla and terminate him as a defendant in this case.

The Clerk of Court is **DIRECTED** to terminate former Defendants Kay Henderson Cox and Jason Mobley on the docket, as they were not named as defendants in the Amended Complaint and are no longer parties to the case. (Doc. No. 8.)

Plaintiff may object to the undersigned's recommendation as discussed in the section below. She is reminded that she must notify the Court if her mailing address changes while this case is pending. She may also wish to review the resources for *pro se* parties on the Court's website. *See* https://www.ohsd.uscourts.gov/pro-se.

**IT IS SO ORDERED AND RECOMMENDED**.

> *s/Caroline H. Gentry*
> Caroline H. Gentry
> United States Magistrate Judge

**Notice Regarding Objections**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy.

6

A District Judge of this Court will make a *de novo* determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).